**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

SIEMENS FINANCIAL
SERVICES, INC.

V.                                                    CIVIL NO. 06-1132(DRD)

REXVILLE OPEN MRI &
CT CENTER, INC., et al.,
Defendants

**AMENDED ORDER**

Pending before the Court is plaintiff, Siemens Financial Services, Inc. (Siemens), *Motion for Claim and Delivery of Personal Property and Memorandum of Law in Support Thereof* (Docket No. 2). Plaintiff sustains that it is entitled to obtain pre-judgment possession of, and should be authorized to sell certain equipment that it previously leased to defendant.[1] Specifically, Siemens moves to: 1) obtain pre-judgment possession of the equipment without being required to post a bond; 2) obtain an order directing a court officer to assist in the seizure of the equipment and to deliver its possession to Siemens; 3) obtain an order authorizing Siemens to sell the equipment and to retain and apply the proceeds of the sale as agreed in the Lease Agreement; and 4) provide any other relief the Court may deem proper. Siemens sustains that according to the terms and conditions as provided in the lease agreement, should the lessee defaulted its monthly payments, Siemens is entitled to recover immediate possession of the equipment for disposition under the terms contained therein. Further, Siemens avers that it has demanded that defendant surrender possession of the equipment to no avail resulting in defendant to continue using the equipment without complying with its obligations under the terms of the lease agreement. However, the Court notes that Siemens has not alleged that the property will be purposely disposed and/or disappeared, and/or destroyed by defendants by notice of the remedy. For the reasons stated herein, Siemens Financial Services, Inc. (Siemens), *Motion for Claim and Delivery of Personal Property and Memorandum of Law in Support Thereof* (Docket No. 2) is hereby **DENIED WITHOUT PREJUDICE**.[2]

At the outset the Court notes that plaintiff filed the instant complaint on February 1, 2006 (Docket No. 1) and on that same date, plaintiff filed the instant motion (Docket No. 2), and two (2)

---

[1] There are to lease agreements entered into by Siemens and defendants, to wit:

1) Equipment Financial Lease Agreement No. 527019001, dated July 27, 2004, for one (1) Magnetom Concerto Class Open MRI system and all standard parts, attachments, and accesories thereto.

2) Equiment Financial Lease Agreement No. 527019002, dated March 11, 2004, for one Somatom Emotion 6 Multislice CT scanner system and all standard parts, attachments, and accesories thereto.

[2] The Court notes that plaintiff can quickly move to Summary Judgment by exception requesting the Court to dispense with the period of waiting for the filing of the motion and to shorten the period to reply. The Court has discretion to grant both requests.

Pro Hac Vice petitions were filed by counsel Kenneth G. Cubes and Charles P. Schulman (Docket Nos. 3 & 4).  Corresponding summonses were issued on February 10, 2006.  **However, as of this date the record show that defendants have been served the complaint and the instant motion.**

Rule 64, Fed.R.Civ.P., 28 U.S.C., provides that:

**General Principles**

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

Accordingly, pre-judgment provisional remedies under Puerto Rico Law are governed by Rule 56.1, P.R. Laws Ann. App. III, which provides:

In every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment.  The Court may order the attachment, garnishment, the prohibition to alienate, claim and delivery of personal property, receivership, an order to do or to desist from doing any specific act, or it may order any other measure it deems necessary, according to the circumstances of the case.  In every case in which a provisional remedy is sought, the court shall consider the interests of all the parties and shall adjudicate as substantial justice may require.

Likewise, Rule 56.2, P.R.Laws Ann. App. III, reads as follow:

**Notice**

No provisional remedy shall be granted, modified, set aside, nor shall any action be taken thereon without notice upon the adverse party and a hearing, except as provided in Rule 56.4 and 56.5.

Furthermore, the First Circuit Court has determined that under Puerto Rico's Rule 56, "a full-blown evidentiary hearing is not required, reference to a hearing does not necessarily imply oral

arguments; a matter can be heard on papers". <u>HMG Property Investors v. Parque Industrial Rio Canas, Inc.</u>, 847 F.2d 908, 914 (1st Cir. 1988)(*citing* <u>Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.</u>, 754 F.2d 404, 411 (1st Cir. 1985)).  The Court finally reasoned that: "[t]he standards exist to ensure that, before a provisional remedy issues, the parties will have an opportunity to present relevant facts and arguments so the judge can "consider the interests of all the parties and ... adjudicate as substantial justice may require." P.R.R.Civ.P. 56.1. To be meaningful, such an opportunity requires notice and a fair chance to marshal supporting facts and theories--nothing more." <u>HMG Property Investors v. Parque Industrial Rio Canas, Inc.</u>, 847 F.2d at 914-915.  Finally, the Court notes that Siemens has failed to comply with Rule 5(d), Fed.R.Civ.P., 28 U.S.C., requiring that all papers filed after the complaint must be served upon the opposing party.

Accordingly, at this time and for the reasons stated herein, the Court is precluded from granting Siemens' request for the pre-judgment remedy.  Therefore, Siemens *Motion for Claim and Delivery of Personal Property and Memorandum of Law in Support Thereof* (Docket No. 2) is hereby **DENIED WITHOUT PREJUDICE**.  **Once defendants have had their "chance to marshal supporting facts and theories" in accordance with the requirements ser forth by Rule 56.2 of the Puerto Rico Rules of Civil Procedure, Siemens  may resubmit its request and the Court shall provide shortly thereafter.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 7th day of March 2006.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**